**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.**

TIFFANY (NJ) LLC,

Plaintiff,

vs.

THE INDIVIDUAL, PARTNERSHIP OR
UNINCORPORATED ASSOCIATION
d/b/a THE DOMAIN NAMES
IDENTIFIED ON SCHEDULE "A",

Defendant.
_______________________________________/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, Tiffany (NJ) LLC ("Plaintiff" or "Tiffany"), hereby sues Defendant, the Individual, Partnership or Unincorporated Association doing business as the domain names identified on Schedule "A" hereto ("Defendant"). Defendant is promoting, selling, offering for sale, and distributing goods bearing counterfeits and confusingly similar imitations of Tiffany's trademarks within this district through various fully interactive, commercial Internet websites and supporting domain names operating under at least the domain names set forth on Schedule "A" hereto (the "Subject Domain Names"). In support of its claims, Tiffany alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28

U.S.C. § 1367 over Tiffany's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2. Defendant is subject to personal jurisdiction in this district, because it directs business activities towards and conducts business with consumers throughout the United States, including within the State of Florida and this district through fully interactive, commercial Internet websites and supporting domain names accessible in Florida and operating under the Subject Domain Names.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendant is, upon information and belief, an alien who engages in infringing activities and causes harm within this district by advertising, offering to sell, and/or selling infringing products to consumers in Florida.

## THE PLAINTIFF

4. Tiffany is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located at 15 Sylvan Way, Parsippany, NJ 07054. Tiffany operates boutiques within this district. Tiffany is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high quality luxury goods under multiple world famous common law and federally registered trademarks, as discussed in Paragraph 17 below, and identified in Schedule "B" hereto. Tiffany offers for sale and sells its trademarked goods within this district. Defendant's offers to sell and sales of counterfeit and infringing Tiffany branded products are causing damage to Tiffany within this jurisdiction. Defendant, through the sale and offering for sale of counterfeit and infringing Tiffany branded products, is directly, and unfairly, competing with Tiffany's economic interests in the State of Florida and causing Tiffany harm within this jurisdiction.

Tiffany regularly enforces its intellectual property rights and authorized this action be brought in its name.

5. Like many other famous trademark owners in the luxury goods market, Tiffany suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendant herein, who wrongfully reproduce and counterfeit Tiffany's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendant's actions is the erosion and destruction of the goodwill associated with the Tiffany name and associated trademarks and the destruction of the legitimate market sector in which it operates.

6. In order to combat the harm caused by the combined actions of Defendant and others engaging in similar conduct, each year Tiffany expends significant resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as field training guides and seminars.

## THE DEFENDANT

7. Defendant is an individual or association or business entity of unknown makeup who, upon information and belief, resides and/or operates in a foreign jurisdiction. Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendant targets its business activities toward consumers throughout the United States, including within this district, and conducts pervasive business through the operation of, at least, the fully interactive, commercial Internet websites and supporting domain names existing under the Subject Domain Names.

8. Defendant is the past and present controlling force behind the sale of counterfeit and infringing products bearing Tiffany's trademarks as described herein operating and using at least the Subject Domain Names.

9. Upon information and belief, Defendant is directly and personally contributing to, inducing and engaging in the sale of counterfeit branded products as alleged herein.

10. Defendant is part of an ongoing scheme to create and maintain an illegal marketplace on the World Wide Web, which (i) confuses consumers regarding the source of Defendant's goods for profit, and (ii) expands the marketplace for illegal, counterfeit Tiffany branded goods while shrinking the legitimate marketplace for genuine Tiffany branded goods. The natural and intended byproduct of Defendant's actions are the erosion and destruction of the goodwill associated with Tiffany's famous name and associated trademarks, as well as the destruction of the legitimate market sector in which Tiffany operates.

11. Upon information and belief, Defendant directly engages in unfair competition with Tiffany by (i) advertising, offering for sale, and/or selling goods bearing counterfeits and infringements of Tiffany's trademarks to consumers within the United States and this district through multiple fully interactive, commercial Internet websites and supporting domain names operating under, at least, the Subject Domain Names and additional domains and websites not yet known to Tiffany, and (ii) creating and maintaining an illegal marketplace for the purpose of diverting business from Tiffany's legitimate marketplace for its genuine goods. Defendant has purposefully directed some portion of its illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit Tiffany-branded goods into the State, and by operating an illegal marketplace which impacts and interferes with commerce throughout the United States, including within the State of Florida.

12. Upon information and belief, Defendant has registered, established or purchased, and maintained the Subject Domain Names and the websites operating thereunder. Upon information and belief, Defendant has engaged in fraudulent conduct with respect to the registration of the Subject Domain Names by providing false and/or misleading information to its various registrars during the registration or maintenance process. Upon information and belief, Defendant has anonymously registered and maintained the Subject Domain Names for the sole purpose of engaging in illegal counterfeiting activities.

13. Upon information and belief, Defendant is engaging in aggressive electronic spamming to direct consumer traffic to its websites operating under the Subject Domain Names. Moreover, upon information and belief, Defendant will continue to create and maintain additional domain names to receive traffic generated by Defendant's electronic spamming tactics.

14. Upon information and belief, Defendant will continue to register or acquire new domain names for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations of Tiffany's trademarks unless preliminarily and permanently enjoined. Moreover, upon information and belief, Defendant will continue to maintain and grow its illegal marketplace at Tiffany's expense unless preliminarily and permanently enjoined.

15. Defendant's entire Internet-based website businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Tiffany and others.

16. Defendant's business names, i.e., the Subject Domain Names, associated payment accounts, and any other alias domain names used in connection with the sale of counterfeit and infringing goods bearing Tiffany's trademarks are essential components of Defendant's online

activities and are one of the means by which Defendant furthers its counterfeiting and infringing scheme and causes harm to Tiffany. Moreover, Defendant is using Tiffany's famous name and trademarks to drive Internet consumer traffic to its websites operating under the Subject Domain Names, thereby creating and increasing the value of the Subject Domain Names and decreasing the size and value of Tiffany's legitimate consumer marketplace at Tiffany's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

17. Tiffany is, and at all times relevant hereto has been, the owner of all rights in and to the trademarks identified on Schedule "B" hereto (collectively, the "Tiffany Marks"), which are valid and registered on the Principal Register of the United States Patent and Trademark Office. The Tiffany Marks are used in conjunction with the manufacture and distribution of high quality luxury goods in the categories also identified on Schedule "B." True and correct copies of the Certificates of Registration for the Tiffany Marks are attached hereto as Composite Exhibit "1."

18. The Tiffany Marks have been used in interstate commerce to identify and distinguish Tiffany's high quality goods for an extended period of time and long prior to Defendant's use of the identical marks and serve as symbols of Tiffany's quality, reputation, and goodwill.

19. The Tiffany Marks are well-known and famous and have been for many years. Tiffany has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the Tiffany Marks. The Tiffany Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

20. Tiffany has extensively used, advertised and promoted the Tiffany Marks in the United States in association with the sale of high quality luxury goods and has carefully monitored and policed the use of the Tiffany Marks. Tiffany has spent significant resources promoting the Tiffany Marks and products bearing the Tiffany Marks. In recent years, annual sales of products bearing the Tiffany Marks have totaled in the hundreds of millions of dollars within the Unites States.

21. As a result of Tiffany's efforts, members of the consuming public readily identify merchandise bearing or sold under the Tiffany Marks, as being high quality luxury goods sponsored and approved by Tiffany.

22. Accordingly, the Tiffany Marks have achieved secondary meaning as identifiers of high quality luxury goods.

23. The Tiffany Marks are symbols of Tiffany's quality, reputation, and goodwill and have never been abandoned.

24. Tiffany has carefully monitored and policed the use of the Tiffany Marks and has never assigned or licensed the Tiffany Marks to Defendant.

25. Genuine goods bearing the Tiffany Marks are widely legitimately advertised and promoted by Tiffany, its authorized distributors and unrelated third parties via the Internet. Over the course of the past ten years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Tiffany's overall marketing and consumer education efforts. Thus, Tiffany expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Tiffany and its authorized retailers to fairly and legitimately

educate consumers about the value associated with the Tiffany brand and the goods sold thereunder.

**<u>Defendant's Infringing Activities</u>**

26. Upon information and belief, Defendant is promoting and advertising, distributing, selling, and/or offering for sale goods, including without limitation, bracelets, pendants, earrings, necklaces, and rings, and key holders, in interstate commerce bearing counterfeit and infringing trademarks that are exact copies of the Tiffany Marks (collectively, the "Counterfeit Goods") through at least, the fully interactive commercial Internet websites and supporting domain names operating under the Subject Domain Names. True and correct copies of the web pages reflecting samples of the Internet websites operating under the Subject Domain Names displaying the Tiffany branded items offered for sale, are attached hereto as Composite Exhibit "2." Specifically, upon information and belief, Defendant is using identical copies of the Tiffany Marks for different quality goods. Tiffany has used the Tiffany Marks extensively and continuously before Defendant began offering counterfeit and confusingly similar imitations of Tiffany's merchandise.

27. Upon information and belief, Defendant's Counterfeit Goods are of a quality substantially and materially different than that of Tiffany's genuine goods. Defendant, upon information and belief, is actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of its Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Tiffany despite Defendant's knowledge that it is without authority to use the Tiffany Marks. The net effect of Defendant's actions will cause confusion of consumers who

will believe Defendant's Counterfeit Goods are genuine goods originating from, associated with, and approved by Tiffany.

28. Defendant advertises its Counterfeit Goods for sale to the consuming public via websites operating under at least the Subject Domain Names. In so advertising these goods, Defendant improperly and unlawfully uses the Tiffany Marks without Tiffany's permission. Indeed, Defendant herein misappropriated Tiffany's advertising ideas and methods of doing business with regard to the advertisement and sale of Tiffany's genuine goods. Upon information and belief, the misappropriation of Tiffany's advertising ideas in the form of the Tiffany Marks is the proximate cause of damage to Tiffany.

29. As part of its overall infringement and counterfeiting scheme, Defendant is, upon information and belief, employing paid advertising and SEO strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Tiffany Marks. Specifically, Defendant is using counterfeits of Tiffany's famous name and the Tiffany Marks in order to make its websites selling illegal goods appear more relevant and attractive to search engines across an array of search terms and consumers online. By its actions, Defendant has created an illegal marketplace operating in parallel to the legitimate marketplace for Tiffany's genuine goods. Defendant is causing harm to Tiffany and the consuming public by (i) depriving Tiffany and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Tiffany's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the Tiffany Marks, (iii) increasing Tiffany's overall cost to market its goods and educate consumers about its brand via the Internet, and (iv) maintaining an illegal marketplace enterprise which perpetuates the ability

of Defendant and future entrants to that marketplace to confuse consumers and harm Tiffany with impunity.

30. Upon information and belief, Defendant is conducting and targeting its counterfeiting and infringing activities towards consumers and causing harm within this district and elsewhere throughout the United States. As a result, Defendant is defrauding Tiffany and the consuming public for Defendant's own benefit.

31. Upon information and belief, at all times relevant hereto, Defendant in this action has had full knowledge of Tiffany's ownership of the Tiffany Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

32. Defendant's use of the Tiffany Marks, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of its Counterfeit Goods, is without Tiffany's consent or authorization.

33. Further, Defendant is engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Tiffany's rights for the purpose of trading on Tiffany's goodwill and reputation. If Defendant's intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Tiffany and the consuming public will continue to be harmed.

34. Defendant's above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during, and after the time of purchase. Moreover, Defendant's wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Tiffany's genuine goods and Defendant's Counterfeit Goods, which there is not.

35. Further, upon information and belief, Defendant is likely to transfer or secret its assets to avoid payment of any monetary judgment awarded to Tiffany.

36. Tiffany has no adequate remedy at law.

37. Tiffany is suffering irreparable injury and has suffered substantial damages as a result of Defendant's unauthorized and wrongful use of the Tiffany Marks. If Defendant's counterfeiting and infringing, unfairly competitive activities, and its illegal marketplace enterprise, are not preliminarily and permanently enjoined by this Court, Tiffany and the consuming public will continue to be harmed.

38. The harm and damages sustained by Tiffany have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of its Counterfeit Goods and by the creation, maintenance and very existence of Defendant's illegal marketplace enterprise.

**COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)**

39. Tiffany hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

40. This is an action for trademark counterfeiting and infringement against Defendant based on its use of counterfeit and confusingly similar imitations of the Tiffany Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

41. Defendant is promoting and otherwise advertising, selling, offering for sale and distributing goods bearing counterfeits and/or infringements of one or more of the Tiffany Marks. Defendant is continuously infringing and inducing others to infringe the Tiffany Marks by using them to advertise, promote, offer to sell, and sell counterfeit and infringing goods.

42. Defendant's counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's Counterfeit Goods.

43. Defendant's unlawful actions have caused and are continuing to cause unquantifiable damages to Tiffany and are unjustly enriching Defendant with profits at Tiffany's expense.

44. Defendant's above-described illegal actions constitute counterfeiting and infringement of the Tiffany Marks in violation of Tiffany's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

45. Tiffany has suffered and will continue to suffer irreparable injury and damages due to Defendant's above described activities if Defendant is not preliminarily and permanently enjoined. Additionally, Defendant will continue to wrongfully profit from its illegal activities.

**COUNT II - FALSE DESIGNATION OF ORIGIN**
**PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

46. Tiffany hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

47. Upon information and belief, Defendant's Counterfeit Goods bearing, offered for sale and sold using copies of the Tiffany Marks have been widely advertised, offered for sale, and distributed throughout the United States.

48. Defendant's Counterfeit Goods bearing, offered for sale and sold using copies of the Tiffany Marks are virtually identical in appearance to Tiffany's genuine goods. However, Defendant's Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendant's activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of its Counterfeit Goods.

49. Defendant, upon information and belief, has used in connection with its advertisement, offers for sale, and sale of its Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Tiffany's detriment.

50. Defendant has authorized infringing uses of the Tiffany Marks, in Defendant's advertisement and promotion of its counterfeit and infringing branded goods. Defendant has misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by it are genuine, non-infringing goods.

51. Additionally, Defendant is using counterfeits and infringements of the Tiffany Marks in order to unfairly compete with Tiffany and others for space within search engine organic results, thereby depriving Tiffany of a valuable marketing and educational tool which would otherwise be available to Tiffany and reducing the visibility of Tiffany's genuine goods on the World Wide Web.

52. Defendant's above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

53. Tiffany has no adequate remedy at law, and has sustained injury and damage caused by Defendant's conduct. Absent an entry of an injunction by this Court, Defendant will continue to wrongfully reap profits and Tiffany will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III - COMMON LAW UNFAIR COMPETITION

54. Tiffany hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

55. This is an action against Defendant based on its (i) promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks that are virtually identical, both visually and phonetically, to the Tiffany Marks, and (ii) creation and maintenance of an illegal, ongoing marketplace operating in parallel to the legitimate marketplace in which Tiffany sells its genuine goods, in violation of Florida's common law of unfair competition.

56. Specifically, Defendant is promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing counterfeits and infringements of the Tiffany Marks. Defendant is also using counterfeits and infringements of the Tiffany Marks to unfairly compete with Tiffany and others for (1) space in search engine results across an array of search terms and (2) visibility on the World Wide Web.

57. Defendant's infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's products by its use of the Tiffany Marks.

58. Tiffany has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendant's actions.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

59. Tiffany hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 38 above.

60. This is an action for common law trademark infringement against Defendant based on its promotion, advertisement, offering for sale, and sale of its Counterfeit Goods

bearing the Tiffany Marks. Tiffany is the owner of all common law rights in and to the Tiffany Marks.

61. Specifically, Defendant, upon information and belief, is promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the Tiffany Marks.

62. Defendant's infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendant's Counterfeit Goods bearing the Tiffany Marks.

63. Tiffany has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendant's actions.

**PRAYER FOR RELIEF**

64. WHEREFORE, Tiffany demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendant as follows:

a. Entry of a permanent injunction pursuant to 15 U.S.C. § 1116 enjoining Defendant, its agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Tiffany Marks; from using the Tiffany Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or products of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Tiffany; from falsely representing themselves as being connected with Tiffany, through sponsorship or association, or engaging in any act that is likely to falsely cause

members of the trade and/or of the purchasing public to believe any goods or services of Defendant, are in any way endorsed by, approved by, and/or associated with Tiffany; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the Tiffany Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's goods as being those of Tiffany, or in any way endorsed by Tiffany and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Tiffany's name or trademarks; and from otherwise unfairly competing with Tiffany.

b. Entry of a permanent injunction enjoining Defendant from creating, maintaining, operating, joining, and participating in its World Wide Web based illegal marketplace for the sale and distribution of non-genuine goods bearing counterfeits of the Tiffany Marks.

c. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, requiring, upon Tiffany's request, the Subject Domain Names, and any other domain names being used and/or controlled by Defendant to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Tiffany Marks be disabled and/or immediately transferred by Defendant, its Registrars, and/or the Registries and backend registry operators to Tiffany's control.

d. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, that, upon Tiffany's request, the top level domain (TLD) Registry for each of the Subject Domain Names or their administrators, including backend registry operators or administrators,

place the Subject Domain Names on Registry Hold status for the remainder of the registration period for any such domain name, thus removing them from the TLD zone files which link the Subject Domain Names to the IP addresses where the associated websites are hosted.

e. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, canceling for the life of the current registration or, at Tiffany's election, transferring the Subject Domain Names and any other domain names used by Defendant to engage in its counterfeiting of the Tiffany Marks at issue to Tiffany's control so they may no longer be used for illegal purposes.

f. Entry of an Order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, that, upon Tiffany's request, any Internet search engines, Web hosts, domain-name registrars, domain-name registries or administrators, financial institutions, payment processors, and payment service providers that are provided with notice of the injunction, cease facilitating access to any or all websites through which Defendant engages in the promotion, offering for sale and/or sale of goods bearing counterfeits and/or infringements of the Tiffany Marks.

g. Entry of an Order requiring Defendant to account to and pay Tiffany for all profits and damages resulting from Defendant's trademark counterfeiting and infringing and unfairly competitive activities and that the award to Tiffany be trebled, as provided for under 15 U.S.C. § 1117, or, at Tiffany's election with respect to Count I, that Tiffany be awarded statutory damages from Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

h. Entry of an Order that, upon Tiffany's request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms,

including but not limited to, PayPal, Inc., and its related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts or money transfer systems used in connection with the Subject Domain Names or other alias domain names used by Defendant presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution, account(s), to be surrendered to Tiffany in partial satisfaction of the monetary judgment entered herein.

i. Entry of an Order requiring all funds, including any funds restrained in this action, up to and including the total amount of judgment, in payment accounts or money transfer systems used in connection with the Subject Domain Names, or other domain names used by Defendant presently or in the future, including PayPal, Inc., and/or any other financial institution, bank, and/or payment processing accounts, to be surrendered to Tiffany in partial satisfaction of the monetary judgment entered herein.

j. Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Tiffany's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

k. Entry of an award of pre-judgment interest on the judgment amount.

l. Entry of an Order for any further relief as the Court may deem just and proper.

DATED: February 21, 2017.

Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: *s/Stephen M. Gaffigan*__________________

Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Rodriguez-Albizu (Fla. Bar. No. 103372)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301

Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: stephen@smgpa.net
E-mail: leo@smgpa.net
E-mail: Raquel@smgpa.net

Attorneys for Plaintiff, TIFFANY (NJ) LLC

**SCHEDULE "A"**
**SUBJECT DOMAIN NAMES**

| Subject Domain Names |
|---|
| tfcool.us |
| bagfc.us |
| nextluxuryfashion.com |
| tfago.com |
| tfboth.com |
| tfcool.com |
| tffall.com |
| tffast.com |
| tffeel.com |
| tfhalf.com |
| tfhere.com |
| tfjust.com |
| tfwheel.com |

**SCHEDULE "B"**
**PLAINTIFF'S FEDERALLY REGISTERED TRADEMARKS**

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| TIFFANY & CO | 0,023,573 | September 5, 1893 | IC 14 – Jewelry and Watches. |
| TIFFANY | 0,133,063 | July 6, 1920 | IC 14 – Jewelry for Personal Wear, Not Including Watches; and Flat and Hollow Ware Made of or Plated with Precious Metal. |
| TIFFANY & CO. | 1,228,189 | February 22, 1983 | IC 08 – Bottle Openers Made in Whole or in Part of Precious or Semi-Precious Metals.<br><br>IC 14 – Decorative Art Objects Made in Whole or in Part of Precious or Semi-Precious Metals-Namely, Figurines, Boxes, Bowls, Trays, and Flowers, Jewelry, Metal Wares Made in Whole or in Part of Precious or Semi-Precious Metals-Namely, Business Card Cases, Candelabras, Candlesticks, Cigar and Cigarette Boxes, Napkin Rings, and Bookmarks, Semi-Precious Stones, Natural and Cultured Pearls. |
| TIFFANY | 1,228,409 | February 22, 1983 | IC 14 – Decorative Art Objects Made in Whole or in Part of Precious or Semi-Precious Metals-Namely, Figurines, Boxes, Bowls, Trays, and Flowers, Jewelry, Semi-Precious Stones, and Natural and Cultured Pearls. |

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| TIFFANY & CO. | 1,283,306 | June 26, 1984 | IC 14 – Desk Accessories - Namely, Calendar and Photograph Frames; Bar Accessories-Namely, Coasters, Tumblers, Pitchers, and Corkscrews; Clothing Accessories-Namely, Money Clips, Cufflinks, Key Holders, Collar Clips, Collar Stays, Tie Bars; Tie Tacks; Tie Slides; Belt Buckles, and Studs; Baby Gifts-Namely, Milk Cups, Porringers and Rattles; Perfume Flasks; Toothpicks; Barrettes; Pill Boxes; Pin Boxes; and Stymie Markers; All Made of or Plated with Precious or Semi-Precious Metals. |
| T & CO. | 1,669,365 | December 24, 1991 | IC 14 – all types of jewelry made of, or in part of, precious metals and/or with precious or semi-precious stones. |
| 1837 | 4,154,018 | June 5, 2012 | IC 09 – Sunglasses; cellular phone accessory charms; compasses; tape measures.<br>IC 14 – Jewelry; cufflinks; key rings of precious metal.<br>IC 16 – Bookmarks; pen stands; calendars; letter openers of precious metal; paperweights; pens; money clips.<br>IC 18 – Business card cases; luggage tags.<br>IC 21 – Hair combs; cocktail shakers; napkin rings of precious metal; pill boxes for personal use; cups.<br>IC 26 – Collar stays.<br>IC 28 – Toy whistles.<br>IC 34 – Cigar cases of precious metal. |